IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH MARLENE ASHCRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-23-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

### I. Procedural Background

Plaintiff's application for DIB was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision.

(TR. 10-20). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since April 16, 2010, the alleged disability onset date. At step two, the ALJ found Plaintiff to have the following severe impairments: mild degenerative disc disease of the back; major depressive disorder, moderate; generalized anxiety disorder; and panic disorder. (TR. 12). At step three, the ALJ determined Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 14).

At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant cannot climb ladders, ropes or scaffolds and cannot balance. She can only occasionally climb stairs and ramps, kneel, crouch crawl or stoop. She can perform simple and some complex tasks with routine supervision, interact appropriately with supervisors and coworkers on a superficial work basis, and adapt to work situations. She cannot have public contact or perform customer services.

(TR. 16). The ALJ found Plaintiff could not perform her past relevant work as cashier/checker, housekeeper, soft count cashier or production circuit board repairer, all of which required light to medium exertional levels. (TR. 19).

2

At step five, the ALJ relied on the testimony of the vocational expert (VE) and determined there are other jobs existing in significant numbers in the national economy that Plaintiff can perform including Lens Inserter, Optical Goods Assembler and Cutter and Paster. (TR. 20). Thus the ALJ found Plaintiff was not disabled from the alleged onset date, through the date of the ALJ's decision. (TR. 20).

### III. Issues Presented

Plaintiff contends the ALJ erred in failing to discuss or consider any medical records from her treating physician, relying instead on reports of consultative physicians and agency non-examining physicians. Plaintiff further contends the ALJ's credibility finding is not supported by substantial evidence. Finally, Plaintiff contends the ALJ erred as a matter of law in failing to consider Plaintiff's borderline age.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if other evidence in the record overwhelms the evidence upon which the ALJ relied, or if there is a mere scintilla of evidence supporting the decision. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously

examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

### V. Analysis

#### A. Evidence Considered by the ALJ

Plaintiff contends the ALJ erred as a matter of law in failing to consider significantly probative evidence. As Plaintiff notes, the ALJ did not discuss or cite to even one medical record from a treating physician. Medical records from treating physicians are replete with references to Plaintiff's back pain, depression, anxiety and panic disorder. (TR. 238, 240, 246, 247, 322, 323, 353, 359, 365, 369, 371, 498, 500, 565). Plaintiff's allegations of back pain are supported by objective medical evidence—an MRI performed on June 6, 2011, that demonstrated mild disc degeneration changes at L1-L2; Disc degenerative changes and disc space narrowing, disc bulging, and tear in the annulus fibrosis posteriorly at L3-L4; and disc degeneration and mild central canal stenosis. (TR. 511).

Despite the MRI evidence of record, the ALJ, without citation to any evidence, concluded, "There is no evidence of joint dysfunction … or lumbar spinal stenosis." (TR.

15). These conclusions are apparently based on the findings of a non-examining medical expert from the State agency, Dr. Penny Aber. (TR. 14). But the ALJ ultimately gave the opinions of Dr. Aber "no weight," based on the ALJ's conclusion that Plaintiff's RFC was more limited than that proposed by Dr. Aber. (TR. 18).

Although an ALJ need not discuss every piece of evidence in the record, she must, nevertheless, "discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). *See also Hendron v. Colvin*, 767 F.3d 951, 955 (10th Cir. 2014) (finding the ALJ sufficiently considered and discussed evidence of record).

In this case, the ALJ considered and discussed only the opinions of state agency consultative and non-examining medical sources. (TR. 12, 13, 14). But the Tenth Circuit has characterized such opinions as being of "suspect reliability." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). On remand, the ALJ should consider and discuss all evidence of record, including treatment records of treating physicians.

### B. The ALJ's Credibility Analysis

Plaintiff further contends the ALJ's credibility analysis is not supported by substantial evidence. The undersigned agrees. "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Gatson v. Bowen*, 838 F.2d 442, 447 (10th Cir. 1988). As discussed above, however, Plaintiff has demonstrated by objective medical evidence, the MRI results, the existence of an impairment that could

reasonably be expected to produce the alleged disabling pain, as required by *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).

It is well established that an ALJ's credibility determinations must be supported by substantial evidence, despite the deference normally accorded such determinations.

> "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston [v. Bowen]*, 838 F.2d 1125, 1133 [(10th Cir. 1988)] (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams [ex rel.] Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding ... critical testimony fatally undermines the [Commissioner's] argument that there is substantial evidence adequate to support [her] conclusion that claimant is not under a disability").

*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

In this case, the ALJ discredited Plaintiff's allegations of disabling pain based on Plaintiff's activities, citing the following:

> The claimant lives alone in a house. She takes care of her mother by driving her to doctor appointments, to the store and for other needs. She takes care of pets. She did not [have] problems with personal care and needed no reminders to take medications or take care of grooming. She ate fast food mostly so she did not prepare meals often. She did some cleaning and housework but no yard work.
>
> . . .
>
> She vacuums small living room daily. She spends a lot of the day on the phone to friends. She has a driver's license and drives herself to the grocery store and to the Dollar store. She drives up to ten miles with a stick shift pickup truck as well as a 1981 Eagle Talon, also with a stick

6

> shift. She crochets scarves for Christmas. She went on a cruise in 2011 to the Cayman Islands and Cozumel. The Caribbean cruise made several different stops over seven days. She pulled her suitcase. She drove to Galveston for two days to get to the ship. She walked, had to stand in lines, had to take the elevator to the top floor to smoke. She drives from Mustang to Newcastle regularly to her mother's house. She was not seeing a doctor for mental health.

(TR. 15-17). The ALJ relied on these limited daily activities and the fact Plaintiff had been on a cruise to support her contention that Plaintiff's allegations of pain were not credible. But evidence of minimal daily activities is not sufficient to support a negative credibility finding. *Thompson v. Sullivan*, 987 F.2d at 1489 (evidence form application that claimant undertook minimal daily activities such as visiting neighbors and doing light housework insufficient to support finding that claimant's complaints were not credible).

Moreover, the ALJ's discussion of Plaintiff's activities on the cruise is misleading. Plaintiff did not "drive to Galveston for two days." Rather, Plaintiff testified that her brother-in-law drove the family to Galveston. (TR. 53). Although the ship did make "several different stops," Plaintiff testified that she never went ashore because she knew she would be unable to do the walking. (TR. 53-54). She described the experience as "the worst trip" of her life because it was very hard for her to stand in line and pull her suitcase. (TR. 53). Going on a cruise does not establish a claimant's ability to work.

On remand, the ALJ should reconsider Plaintiff's credibility by applying the factors required by Tenth Circuit case law:

7

the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Wilson v. Astrue*, 602 F.3d 1136, 1145 (10th Cir. 2010) (internal quotation and citations omitted). Because the ALJ's credibility determination is not supported by substantial evidence, the Commissioner's decision should be reversed and remanded.

### C. Consideration of Plaintiff's Borderline Age

Plaintiff's birthday is February 9, 1964. (TR. 33). When Plaintiff filed her application for DIB on December 27, 2010, she was closer to 47 years old than she was to 46 years old. Nearly 28 months elapsed before she was afforded the opportunity to testify at an administrative hearing. (TR. 26). On the date of the ALJ's decision, August 16, 2013, Plaintiff was 49½ years old. Her insured status did not expire until September 30, 2015. (TR. 12).

The ALJ used the Medical-Vocational Rules as a framework in determining that Plaintiff was not disabled. (TR. 19). In so doing, she used the age classification for a "younger individual age 45-49." (TR. 19). Using Medical-Vocational Rule 201.21 as a framework, she found Plaintiff could perform other jobs in the national economy. But six months after the ALJ's unfavorable decision, Plaintiff's age classification changed to that of "an individual closely approaching advanced age." Under Medical-Vocational Rule 201.14, a 50-year-old claimant limited, as Plaintiff was, to sedentary unskilled

8

work, would have been found "disabled." Rule 201.14, 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

Plaintiff contends the ALJ erred in failing to consider Plaintiff's borderline age under the Medical-Vocational Rules. According to Plaintiff, the ALJ was "required to determine which grid rule would be most applicable." (ECF No. 20:22). As Plaintiff notes, the Tenth Circuit has not established a "bright line rule" governing how close a Plaintiff must be to the next age category to warrant "borderline age status." (ECF No. 20:21). But in at least one case, the Tenth Circuit held that "because plaintiff was within six months of the next age category … at the time the ALJ issued his decision," the ALJ "erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids." *Cox v. Apfel*, 166 F.3d 346 (10th Cir. 1998) (unpublished) (citing 20 C.F.R. §§ 404.1563(a), 416.963(a) (both stating: "[W]e will not apply these age categories [in the grids] mechanically in a borderline situation.")). This error, too, warrants reversal and remand.[1] On remand, the ALJ should determine which age category is most appropriate and why.

---

[1] The Commissioner relies on a section from the Hearing, Appeals and Litigation Law Manual (HALLEX) for the proposition that the ALJ's failure to consider Plaintiff to be of borderline age is not error. (ECF No. 25:14). But HALLEX is an internal manual that does not have the force and effect of law. *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (finding that the 13–volume Claims Manual is a handbook for use by Social Security employees and has no legal force and does not bind the Social Security Administration).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objection must be filed by **December 28, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on December 14, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE